Argued January 22, affirmed March 4, reconsideration denied
April 3, petition for review denied April 23, 1974

In the Matter of Wagner, Robert LeRoy,
a Minor Child

STATE ex rel MULTNOMAH COUNTY JUVENILE
DEPARTMENT, *Respondent, v.* ROBERT
LeROY WAGNER (No. 1275-B),
*Appellant.*
519 P2d 400

*Tyler E. Marshall,* Portland, argued the cause for appellant. With him on the briefs were Bouneff, Muller, Marshall & Hawkes, Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the

brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

This is an appeal from an order remanding Robert LeRoy Wagner from juvenile court to the Multnomah County Circuit Court for disposition as an adult as authorized by ORS 419.507 (4).[1]

Prior to May of 1973 Wagner had compiled a juvenile court record of four burglaries, a vehicle theft, a second degree theft, three runaways and a curfew violation. He was never committed to MacLaren School for Boys but as a result of these acts had been warned twice and counseled once. During May and June 1973 the petitions allege that Wagner committed three armed robberies, one of which resulted in a homicide.

At the July 19, 1973, remand hearing, counsel for appellant contended that since Wagner had never been committed to MacLaren School, the juvenile court had not used all the resources available to it; he urged that Wagner be sent to MacLaren School to give the juvenile reform system a chance to work. He contended

---

[1] ORS 419.507:

"A child found to be within the jurisdiction of the court as provided in subsection (1) of ORS 419.476, may be made a ward of the court. Where a child has been found to be within its jurisdiction, and when the court determines it would be in the best interest and welfare of the child, the court may:

"* * * * *

"(4) In the circumstances set forth in ORS 419.533, remand the child to the appropriate court handling criminal actions * * *.

"* * * * *"

that if MacLaren failed to accomplish its rehabilitative goals or if Wagner proved to be disruptive at Mac-Laren, there was authority under ORS 179.473[2] for his transfer to the Oregon Correctional Institution. The court found that it did not have this transfer power and, after finding that there were no juvenile resources available and that the best interests of the child and the state would not be served by the use of the juvenile system, remanded Wagner to the adult system for disposition of the charges pending against him.

---

[2] ORS 179.473:

"(1) Notwithstanding any other provision of law, whenever the welfare of the person transferred and the efficient administration of the institutions require the transfer, subject to ORS 179.476:

"* * * * *

"(b) Except as provided in subsections (2) and (3) of this section, a division may make a permanent or nonpermanent transfer of a person from any institution under the jurisdiction of that division to any other institution under the jurisdiction of that same division.

"(2) A student of a juvenile training school may not be transferred to the Oregon State Penitentiary under subsection (1) of this section. A student of a juvenile training school who has been transferred to another institution may not be transferred from such other institution to the Oregon State Penitentiary.

"(3) A student of a juvenile training school may not be transferred to another institution under the supervision of the Corrections Division unless all of the following conditions are met:

"(a) The student is 16 years of age or older.

"(b) The behavior of the student at the training school is such as to endanger his own welfare or the welfare of others.

"(c) The student continues to receive, at the institution to which he is transferred, training of a type and degree at least as well suited for juveniles as that prescribed by ORS 420.120 or 420.320.

"(d) The consent of the committing court has been obtained after a hearing pursuant to ORS 419.498."

■ The legislative history of ORS 179.473⑩ indi-
cates that that provision was originally intended to
allow for the transfer of juveniles from MacLaren
to the Oregon Correctional Institution.⑪ However, SB
153, enacted as Oregon Laws 1969, ch 679, was a re-
flection of the intent of both its drafters and the
legislature to eliminate the possibility that a juvenile
could be transferred to the Oregon Correctional Insti-
tution unless he was accused of a new crime or a
pending crime that had not been disposed of. *See*
Minutes, Senate Judiciary Committee, February 10,
1969, pp 4-6. While ORS 179.473 was not repealed in
regard to this transfer authority, the intent of the
legislature is clear: juveniles may not be sent to the
Oregon Correctional Institution or the Oregon State
Penitentiary unless they have been remanded to the
adult court system.

This conclusion is also supported apart from the
legislative history by the words of the statutes after
amendment by SB 153. ORS 419.507 (2) (b) states:

"* * * No child so committed [to the Children's
Services Division] shall be placed in the Oregon
State Penitentiary or the Oregon State Correctional
Institution."

Likewise, ORS 420.011 (1) provides:

"* * * No child admitted to a juvenile training
school shall be transferred by administrative
process to any penal or correctional institution."

---

⑩ *See* Minutes, House State & Federal Affairs Committee
(1965), for discussion on HB 1292, enacted as Oregon Laws 1965,
ch 616.

⑪ The constitutionality of a statute which permits transfer of
a juvenile from the juvenile system to an adult court prison with-
out an adult court trial is questionable for the juvenile system
ordinarily lacks the adult court trial protections accorded to adult
accuseds before being convicted and sent to prison.

Although statutory repeals by implication are not favored, *Appleton et al v. Oregon Iron & Steel Co.*, 229 Or 81, 84, 358 P2d 260, 366 P2d 174 (1961), the effect of the SB 153 (Oregon Laws 1969, ch 679) amendments to ORS 419.507 (2) (b) and 420.011 (1), together with the legislative commentary surrounding these amendments, commands the conclusion that ORS 179.473 has been repealed insofar as it gave authority for a transfer of a juvenile to the Oregon Correctional Institution from a training school. The juvenile court does not have the transfer power contended for by the appellant.

■ We note that never during Wagner's long period of involvement with the law were any serious remedial measures attempted as contemplated by the statutes. Counsel for the appellant successfully makes his point that the juvenile system has not worked in connection with this juvenile; further, that the juvenile reform system was not even given a real opportunity. As we have pointed out, his suggested solution (retaining jurisdiction in juvenile court, committing the juvenile to MacLaren, and then transferring him to the Oregon Correctional Institution) is not only legally impermissible, but also would not at this point be in the best interests of society or the juvenile. We concur in the findings and remand order of the circuit court.

Affirmed.